Filed 10/30/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B331439 |
| Plaintiff and Respondent, | (Super. Ct. No. TA128922) |
| | (Los Angeles County) |
| v. | |
| JAVIER VILLAGRANA, | |
| Defendant and Appellant. | |

The victim of a "drive-by," gang motivated shooting, who suffers six bullet wounds, and who dies as a result thereof, is a murder victim. This seems unremarkable. The only rational inference that can be drawn from this uncontested factual predicate is that the crime is murder.

In 2014, Javier Villagrana pleaded no contest to voluntary manslaughter and admitted gang as well as personal use of a firearm allegations. This was a lenient offer by the prosecutor. Appellant now challenges the trial court's denial of his subsequent Penal Code section 1172.6 petition for resentencing.[1]

---

[1] All further statutory references are to the Penal Code.

We affirm. Appellant's connection to, and causation of this murder is demonstrated by his plea and admissions of the enhancement allegations.

*Facts*

In June 2013, Los Angeles Sheriff's deputies responded to a call regarding a "drive-by" shooting. When Deputy Eugene Contreras arrived at the location, he found an unconscious man lying on the ground with multiple gunshot wounds, six of them. He also found seven .22-caliber casings at the scene. The victim was taken to the hospital where he died.

*Procedural Background*

In November 2013, the People filed an information charging appellant and Jaime Chavez, appellant's cousin, with the murder of Juan Vasquez and alleging gang and firearm enhancements. (§§ 187, subd. (a), 186.22, subd. (b)(1)(C), 12022.53, subds. (b)-(e).)

Pursuant to a negotiated disposition, appellant pleaded no contest to an amended charge of voluntary manslaughter. (§ 192, subd. (a).) He also admitted the gang enhancement allegation and that he personally used a firearm during the commission of the crime.[2] (§§ 186.22, subd. (b)(1)(C), 12022.5, subd. (a)(1).) The trial court sentenced appellant to 26 years in state prison.

---

[2] Chavez, the codefendant, pleaded no contest to voluntary manslaughter and admitted the gang enhancement allegation. Unlike appellant, he was not charged with nor did he admit any personal use of a firearm enhancement allegation. (§ 12022.5, subd. (a)(1).) The logical inference which can be drawn from this is that Chavez did not personally use a firearm to murder Vasquez.

*Section 1172.6 Proceedings*

In 2022, appellant filed a form petition for resentencing. He declared that he could not now be convicted of murder. After appointing counsel and considering the briefing, the trial court found appellant established a prima facie case and issued an order to show cause. The People opposed the petition, arguing that appellant was prosecuted as the actual killer and thus ineligible for resentencing as a matter of law.

After conducting an evidentiary hearing, the trial court factually, and also, legally found appellant ineligible for resentencing and denied the petition.

*Discussion*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) amended the felony murder rule and the natural and probable consequences doctrine "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to life." (Stats. 2018, ch. 1015, § 1, subd. (f).) To that end, Senate Bill 1437 amended section 188 by adding a requirement that, except as stated in section 189, subdivision (e), all principals to murder must act with express or implied malice. (§ 188, subd. (a)(3).) A person charged with murder who negotiates a plea bargain down to manslaughter may be eligible for sentencing relief.

Senate Bill 1437 also enacted section 1172.6, which created a procedural mechanism for defendants who could not be convicted of murder or attempted murder under the amended laws to seek retroactive relief. (§ 1172.6, subd. (a)(3); *People v. Lewis* (2021) 11 Cal.5th 952, 957.) If the trial court determines that the petitioner has made a prima facie showing of entitlement

3

to relief, it must issue an order to show cause and hold an evidentiary hearing.  (§ 1172.6, subds. (c), (d); *Lewis*, at pp. 959-960.)

At the evidentiary hearing, the prosecution has the burden "to prove, beyond a reasonable doubt, that the petitioner is guilty of murder . . . under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019."  (§ 1172.6, subd. (d)(3).)

"The admission of evidence in the hearing shall be governed by the Evidence code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed.  The court may also consider the procedural history of the case recited in any prior appellate opinion.  However, hearsay evidence that was admitted in a preliminary hearing . . . shall be excluded from the hearing as hearsay, unless the evidence is admissible pursuant to another exception to the hearsay rule.  The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens".  (§ 1172.6, subd. (d)(3).)

The trial court acts as an independent fact finder in determining whether the People have met their burden.  (*People v. Schell* (2022) 84 Cal.App.5th 437, 442; *People v. Clements* (2022) 75 Cal.App.5th 276, 293-294, 297; *People v. Garrison* (2021) 73 Cal.App.5th 735, 745.)  We review the trial court's fact finding for substantial evidence.  (*Clements*, at p. 298.)  We do not reweigh the evidence.

At the evidentiary hearing, the People asked the trial court to take judicial notice of the information, the plea and sentencing transcripts, and portions of the preliminary hearing transcript

4

related to Deputy Contreras's testimony. Appellant's plea and admissions are tantamount to evidence. They certainly must be considered at a resentencing hearing.

After considering the evidence, the trial court found appellant was "factually ineligible" for resentencing "based on the fact that there was no natural and probable consequence [theory], implied malice theory, or felony murder [theory]." Thus, the trial court presumably found appellant ineligible as the actual shooter or, at the very least, as a direct aider and abettor to murder. This is a rational inference and not speculation. (See *People v. Bohana* (2000) 84 Cal.4th 360, 369 (*Bohana*).) "Somewhere along the evidentiary spectrum, a rational inference loses its character if one or more of the premises upon which it rests, fails. When this happens, the inference becomes irrational speculation. Here, the inferences drawn by [the trier of fact, the sentencing judge] were rational." (*Ibid.*)

It is well settled that reversal for insufficient evidence is unwarranted unless it appears "'"that upon no hypothesis whatever is there sufficient substantial evidence to support"'" the finding. (*People v. Manibusan* (2013) 58 Cal.4th 40, 87 (*Manibusan*), quoting *People v. Zamudio* (2008) 43 Cal.4th 327, 357.)

"Our role in reviewing the sufficiency of the evidence in a criminal case is a limited one. [Citation.] We examine the entire record in the light most favorable to the judgment below to determine whether it discloses substantial evidence such that any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. [Citations.] Substantial evidence is "'evidence which is reasonable, credible, and of solid value.'" [Citation.] Although 'mere speculation cannot support a

conviction' [citation], the trier of fact is entitled to draw reasonable inferences from the evidence and we will ""presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. [Citations.]"""" (*Bohana, supra,* 84 Cal.App.4th at pp. 367-368.)

Applying these principles and drawing all inferences in favor of the trial court's findings, a rational trier of fact could reasonably have found appellant guilty, beyond a reasonable doubt, as a direct aider and abettor to murder, if not as the actual shooter. The evidence established that there were seven .22-caliber casings at the scene. Vasquez was shot six times, including in the neck, upper torso, and forearm. He died as a result of these injuries. Appellant was present at the shooting. He admitted using a firearm in an affirmative manner. He admitted the offense was gang related. And appellant admitted he was responsible for Vasquez's death as indicated by his plea to voluntary manslaughter.

The Attorney General confesses error based upon *People v. Jones* (2003) 30 Cal.4th 104 to support its theory that the evidence was insufficient to infer appellant was the actual shooter. In *Jones*, our high court explained, "[i]f two robbers display guns to intimidate robbery victims and one shoots and kills a victim, both robbers could be found to have personally used a gun in the robbery . . . even though only one is the actual killer." (*Id.* at p. 1120.)

But *Jones* does not apply, where as here, the only person who admitted to using a firearm during the commission of the offense is appellant. The logical inferences that were drawn by the trier of fact are: (1) that appellant personally harbored malice by shooting at the victim seven times, and (2) he could still be

found guilty of murder, at the very least, as a direct aider and abettor.

Appellant's remaining contention that the trial court applied an erroneous standard of proof is meritless. The trial court recognized its error in failing to state the standard on the record, placed the matter on calendar, and expressly stated, "The court finds that the People have proven beyond a reasonable doubt that Mr. Villagrana could be found guilty of murder if he were tried under the new law."

Accordingly, sufficient evidence supports the trial court's finding that appellant was ineligible for resentencing.

*Reply to Dissent*

As a preliminary matter, the dissent is inconsistent with common sense. The objective reader will make up his or her own mind. The dissent violates the rules on appeal. It recites the substantial evidence rule and then does not apply it. It reweighs the evidence on appeal to achieve a result. The elementary concept of logical inference drawing is missing. To make matters worse, the dissent actually draws inferences away from the order under review. This is an extreme departure from traditional application of the substantial evidence rule. Moreover, it violates *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 457 by not following *Manibusan*'s "no hypothesis whatsoever" rule. (See *Manibusan*, *supra*, 58 Cal.4th 40; *ante* p. 5.) There is a hypothesis that supports the trial court's order.

The dissent says that the majority opinion is based on speculation. Not so. It is the dissent which is speculating and there is no reason to do so given the uncontested factual predicate. The Legislature changed the murder rules to ensure that a sentence was commensurate with the defendant's

7

individual culpability.  Did the Legislature intend to give sentencing leniency to someone who, motivated by gang animus, uses a firearm in a drive-by shooting, that results in six bullet holes in the victim and his death?  Such a person is acting with malice despite the People's pretrial offer of a plea to manslaughter with the admission of two special allegations.  It is not speculation "to connect the dots" and affirm the trial court's factual finding that appellant was acting with malice and can presently be convicted of murder.  The trial court expressly so found beyond a reasonable doubt.  According to the dissent, this finding is entitled to no weight whatsoever.

The question is not whether the People's proof is "thin." (Dissent at p. 2.)  This adjective is foreign to the rules on appeal. The evidence can always be more robust.  The evidence and the logical and reasonable inferences that flow from the plea and admissions paint but one picture—murder committed by appellant.

<em>Disposition</em>

The trial court's order is affirmed.

<u>CERTIFIED FOR PUBLICATION</u>.

YEGAN, J.

I concur:

GILBERT, P. J.

8

BALTODANO, J., dissenting:

I respectfully dissent.

During a Penal Code[1] section 1172.6 evidentiary hearing, prosecutors bear the burden of proving, beyond a reasonable doubt, that a person who was convicted of manslaughter under prior versions of California law could still be convicted of murder under current law. (§ 1172.6, subd. (d)(3).) Prosecutors may meet this burden by offering into evidence matters that were previously admitted into evidence and are admissible under current law, plus any new evidence they choose to proffer. (*Ibid.*) We review whether prosecutors met their burden for substantial evidence. (*People v. Clements* (2022) 75 Cal.App.5th 276, 298 (*Clements*).)

Based on the record here, there is insufficient evidence that is " ' "reasonable, credible, and of solid value" ' " to support the conclusion that prosecutors met their burden during Javier Gabriel Villagrana's evidentiary hearing. (*Clements*, *supra*, 75 Cal.App.5th at p. 298.) At that hearing, prosecutors chose not to introduce any new evidence. They instead relied on the information, the plea colloquy, the sentencing transcript, and excerpts from the preliminary hearing transcript; there was no trial. These documents show that: (1) in June 2013 Juan Vasquez died after suffering multiple gunshot wounds; (2) a sheriff's deputy found several bullet casings at the scene of Vasquez's shooting; (3) prosecutors charged Villagrana and a codefendant, Jaime Chavez, with Vasquez's murder (§ 187, subd. (a)), and alleged that they killed him for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)) while using firearms

---

[1] Statutory references are to the Penal Code.

1

(§§ 12022.53, subds. (b), (c), & (d), 12022.55); (4) Villagrana pleaded no contest to the voluntary manslaughter of Vasquez (§ 192, subd. (a)) and admitted the gang allegation and a firearm use allegation (§ 12022.5, subd. (a)); and (5) Chavez pleaded no contest to manslaughter and admitted the gang allegation.

No rational trier of fact could reasonably find the elements of murder proven beyond a reasonable doubt on such a thin evidentiary record. None of the evidence relied on by the trial court shows that Villagrana was the actual shooter—or that he was even present at the shooting. (Cf. *People v. Garcia* (2022) 82 Cal.App.5th 956, 973 [§ 1172.6 resentencing relief unavailable to actual killers].) He was not the sole perpetrator. Nothing indicates that his was the only firearm used during the shooting, nor does anything connect him to the bullet casings found at the scene or the firearm that killed Vasquez. And while he admitted to the use of a firearm, such use does not require actually firing the weapon (*People v. Jones* (2003) 30 Cal.4th 1084, 1120); the allegations that could have shown that Villagrana fired his weapon were jettisoned by prosecutors. That is why the Attorney General concedes insufficient evidence supports a murder conviction here.

The evidence also fails to prove that Villagrana harbored malice aforethought. (Cf. § 188, subd. (a)(3) [subject to exception not relevant here, person must act with malice to be guilty of murder].) Villagrana pleaded no contest to voluntary manslaughter—the killing of a person *without* malice. (*People v. Nunez* (2023) 97 Cal.App.5th 362, 368.) And because no evidence connects Villagrana to the bullet casings or firearm that killed Vasquez, it cannot be reasonably inferred that he acted with malice−again, something the Attorney General concedes. (Cf.

*People v. Smith* (2005) 37 Cal.4th 733, 742 [malice may be inferred from firing gunshots at a person].)

The majority speculates Villagrana was the actual shooter—or "at the very least . . . [an] aider and abettor"— because he was present at the scene of Vasquez's shooting and, unlike Chavez, admitted to using a firearm. (Maj. opn., *ante*, at pp. 2, fn. 2, 6-7.) From this, my colleagues conclude that Villagrana harbored malice aforethought, rendering him ineligible for section 1172.6 relief. (Maj. opn., *ante*, at pp. 6-7.)

I respectfully decline the invitation to speculate. In reaching its conclusion, the majority relies on the absence of Chavez's admission to using a firearm, positing that Villagrana either shot or aided and abetted the shooting of Vasquez because Chavez did not admit to using a firearm. This is a false binary. It is not evidence. (*People v. Raley* (1992) 2 Cal.4th 870, 891 [" ' "finding of fact must be an inference drawn from evidence rather than . . . a mere speculation as to probabilities" ' "].)

Moreover, both Villagrana and Chavez reached plea agreements with prosecutors after facing 50-year-to-life sentences if convicted at trial. But nothing in the plea colloquy provides any insight into why the parties agreed that certain allegations would be admitted while others would be dismissed. It is not my role to imagine such reasons; my role is "to determine whether there is any substantial evidence, contradicted or uncontradicted, to support a rational fact finder's findings beyond a reasonable doubt." (*Clements*, *supra*, 75 Cal.App.5th at p. 298.) Here, no such evidence supports the trial court's cursory conclusion that Villagrana was the actual shooter. I would therefore vacate the order denying Villagrana's section 1172.6

3

petition and remand the matter for resentencing.  (§ 1172.6, subd. (d)(3); *People v. Guiffreda* (2023) 87 Cal.App.5th 112, 132.)
<u>CERTIFIED FOR PUBLICATION.</u>


BALTODANO, J.

Connie R. Quinones, Judge

Superior Court County of Los Angeles

_____

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield, Supervising Deputy Attorney General, and Stephanie Yee, Deputy Attorney General, for Plaintiff and Respondent.